UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| | | U.S. District Judge |
| v. | : | |
| GORDON D. McDONALD, | : | Criminal No. 09-656 |
| Defendant. | | |

---

GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTIONS *IN LIMINE*

---

DEIRDRE A. McEVOY
Chief, New York Field Office
Antitrust Division, Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 335-8000


ELIZABETH B. PREWITT
Assistant Chief
HELEN CHRISTODOULOU
LUDOVIC C. GHESQUIERE
Trial Attorneys

## PRELIMINARY STATEMENT

The Government respectfully submits this Memorandum of Law in support of its Motions *in Limine* (the "Motion") to preclude certain irrelevant evidence and arguments pursuant to Federal Rule of Evidence 402. We submit the Motion in advance of the Court's pre-trial conference and motion *in limine* hearing scheduled for September 5, 2013.

## The Government's Motion to Preclude Certain Evidence and Arguments on Grounds of Irrelevance

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Rule 401 further defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." The Government moves to preclude the following arguments, as well as any supporting evidence, on the basis that they are not only irrelevant to this case, but also because they would serve only to distract and confuse the jury.

   a. **Defendant's Health.**

The Court is aware of McDonald's repeated claims of poor health and mental infirmities. Such assertions, along with any evidence offered to support them, have no bearing on any charge, or appropriate defense to any charge, in this matter. Therefore, the state of McDonald's health, whether good or bad, is no consequence and should not

be presented to the jury. See United States v. Copple, 24 F.3d 535, 545-46 (3d Cir. 1994) (concluding that a victim's medical condition was inadmissible because it was irrelevant to any matters properly before the jury, and, even if it were "marginal[ly] relevan[t]," the testimony was inadmissible under Rule 403 because it "was designed to generate feelings of sympathy for the victims and outrage toward [the defendant] for reasons not relevant to the charges [the defendant] faced.").

### b. Post-Indictment Delay

McDonald was indicted four years ago. The Court is aware of the fact that much of the delay between Indictment and trial is attributable to McDonald's hospitalizations and his claims of poor health and mental incompetency. Irrespective of that context, the post-indictment delay and its causes are not relevant to any charge or defense in this matter. Therefore, the Government respectfully submits that Defendant should not be permitted to raise the post-Indictment delay for any purpose.

### c. Robert Griffiths's Growth and Use of Marijuana

Robert Griffiths ("Griffiths") was a sales and marketing executive for Bennett Environmental, Inc. ("BEI") during a time when BEI was awarded sub-contracts to perform work at the Federal Creosote Superfund cleanup site by McDonald's employer, Sevenson Environmental Services, Inc. ("Sevenson"). He is a Canadian citizen who lived in Canada during the period relevant to this case. While working for BEI, Griffiths dealt directly with McDonald and conspired to pay him substantial kickbacks on behalf of BEI in order to obtain those sub-contracts for his employer at inflated prices. During

part of this period, Griffiths also received a share of some of these kickback payments from McDonald. Griffiths is expected to testify as a cooperating witness for the Government in the trial of McDonald.

The Government learned from Griffiths that he used marijuana recreationally starting in his teenage years and continuing into adulthood. At the time he worked for BEI, Griffiths used marijuana on weekends and sometimes in the evenings. Griffiths claims (and the Government knows of no basis to rebut such a claim) that he did not use marijuana during work hours and that he was not under the influence of marijuana when he interacted with McDonald. Griffiths claims that when he traveled to the United States, which was when the bulk of his interactions with McDonald occurred, he did not use marijuana.

In 2005, after his employment with BEI and his participation in the charged conspiracy had ended, Griffiths was arrested in British Columbia, Canada for the possession and unlicensed cultivation of marijuana for medical reasons. Griffiths claims to have been growing the marijuana principally for the medical needs of a quadriplegic friend. While it is legal to grow marijuana in Canada under certain circumstances, apparently Griffiths lacked the required license to do so. After his arrest, Griffiths claims that he pleaded guilty to unlicensed production of marijuana, but the Government understands his record was expunged after he completed 100 hours of community service and one year of probation.[1] Griffiths further claims that in 2007 he was granted a license to use marijuana for medical reasons and was prescribed marijuana as part of a treatment regimen for his chronic back spasms. His legal use of medical marijuana in Canada continued until his arraignment in this matter, and he has not used marijuana since.

---

[1] The Government is still in the process on confirming the details of Griffiths's arrest and conviction.

Griffiths's use and growth of marijuana is irrelevant to his anticipated testimony and inadmissible as a basis for impeachment. According to his statements to the Government, he only used marijuana after work and on weekends, and never during his visits to the United States or his meetings with McDonald. The Government knows of no basis to conclude that any of Griffiths's marijuana use compromised his ability to perceive or recall the matters about which he is expected to testify, and his growth of marijuana in 2005 has no relevance to his testimony whatsoever. Furthermore, under Federal Rule of Evidence 608(b), specific instances of conduct may be "inquired into" on cross-examination only where those instances of conduct "are probative of the character for truthfulness or untruthfulness of . . . the witness." Griffiths's cultivation and use of marijuana does not reveal anything about his character for truthfulness, and discussion of this conduct would be unfairly prejudicial. Therefore, such inquiries should not be permitted. See United States v. McIntosh, 4:03-CR-0298, 2006 WL 293224, at *13 (M.D. Pa. Feb. 7, 2006) (holding that "the fact that [a witness] had been charged with drug offenses has no bearing on her character for truthfulness"); see also United States v. Vasquez, 08-CR-519, 2009 WL 902372 (E.D. Pa. Apr. 3, 2009) (in the context of Rule 609, holding that a conviction for misdemeanor drug possession charges was "not indicative of [the witness's] propensity for truthfulness."); Crimm v. Missouri Pacific R. Co., 750 F.2d 703 (8th Cir. 1984) (upholding the district court's holding that "illegal drug use or transactions, without more, do not show untruthfulness."); United States v. Walker, 47 Fed. Appx. 639 (4th Cir. 2002) (holding that "drug dealing is not the type of conduct that necessarily bears on a witness's character for truthfulness."); United States

v. Hastings, 577 F.2d 38, 41-42 (8th Cir. 1978) (holding that witness's misdemeanor narcotics charge, without more, was not probative as to truthfulness.).

### d. Tax Conduct of Sevenson Executives

On March 21, 2012, six executives at Sevenson, McDonald's former employer, were indicted by a federal grand jury for tax fraud and tax evasion. They are alleged to have provided and received certain bonus compensation in the form of goods and services without properly reporting the compensation to the Internal Revenue Service. It is further alleged that documents were fabricated and falsified to facilitate the tax scheme. The relevant case is United States v. DeLuca et al., 11 Cr. 169 (Western District of New York).[2] None of the indicted executives is expected to be called as a witness in this matter, and the allegations of tax fraud and tax evasion against these executives are independent of McDonald's alleged wrongful conduct. Such unrelated allegations are irrelevant to this action, and their introduction would serve no other purpose but to confuse the jury. The Government respectfully asks this court to preclude the Defendant from raising these allegations at trial.

### e. The Quality of the Federal Creosote and Diamond Alkali Cleanups

Whether or not the Federal Creosote and Diamond Alkali Superfund cleanup sites, at which McDonald was project manager when he engaged the unlawful conduct alleged in the Indictment, were properly remediated is not at issue in this matter. The Government makes no allegation to the contrary, and no element of the Government's charges depends in any way on the quality of the work done at the two Superfund sites.

---

[2] As of the date of this motion, none of the indicted executives has been convicted.

Rather, the Government alleges that McDonald's schemes fraudulently overcharged the United States Government and Tierra Solutions for the work done, irrespective of the quality, and that McDonald unlawfully enriched himself through an amalgamation of kickbacks, fraud, money laundering, tax fraud, and bid rigging. Any facts suggesting that the remediation projects were in fact completed, or completed well, are not relevant to a defense to any of these charges. Further, a discussion of the quality or timeliness of the work done at the two sites could confuse jurors by making prominent a fact that simply does not matter in this case. Therefore, any arguments or evidence touching upon the quality or timeliness of the work performed at either the Federal Creosote or Diamond Alkali Superfund sites should not be permitted under Rule 402. See, e.g., United States v. Dolgaard, 57 F.3d 1078 (Table), at *3 (9th Cir. 1995) (in the context of a kickback scheme related to investment brokering, the Ninth Circuit held that the district court's exclusion of testimony on the "quality and prudence" of the brokered investments at issue was "obviously correct" because the kickback payments violated the relevant statute "whether or not [the investments] [were] effective.").

\*   \*   \*

Although the Government maintains that the evidence and arguments noted above are not relevant at all to the charges in this case, should the Court find otherwise, we respectfully submit that the limited probative value of the aforementioned evidence and arguments would be substantially outweighed by their confusing, misleading, and unfairly prejudicial effect on the jury. See Federal Rule of Evidence 403 (stating that

"[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.")

Dated:  August 15, 2013

Respectfully submitted,

*/s/ Elizabeth B. Prewitt/LG*
ELIZABETH B. PREWITT
Assistant Chief
HELEN CHRISTODOULOU
LUDOVIC C. GHESQUIERE
Trial Attorneys
United States Department of Justice
Antitrust Division
26 Federal Plaza, Room 3630
New York, New York 10278-0140
Fax: 212-335-8021