

**U.S. Department of Justice**

Antitrust Division

---

*New York Office*

| | |
|---|---|
| 26 Federal Plaza | 212/335-8035 |
| Room 3630 | |
| New York, New York 10278-0004 | FAX 212/335-8023 |

January 20, 2016

BY ECF AND E-MAIL
The Honorable Susan D. Wigenton
Martin Luther King Building & U.S. Courthouse
Courtroom 5C
50 Walnut Street
Newark, NJ 07101

        Re: <u>United States v. John A. Bennett</u>, No. 09 Cr. 656 (SDW)

Dear Judge Wigenton:

      The Government respectfully submits this letter in response to the defendant's January 19, 2016 letter asking the Court to order the Government to send original evidence in this case across the country or outside of the United States for testing. The Government has complied with its obligation under Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure by making this evidence available to the defendant for inspection over seven months ago, and there is no need for any Court action at this time.

      On or about December 18, 2014, the Government began making discovery available to the defendant in this case. The discovery was comprehensive and included a detailed catalogue of what information was available. During the course of discovery, the Government has also consistently acquiesced to the defendant's requests to procure additional material that was arguably responsive to Rule 16. For instance, in early 2015, defense counsel asked for original copies of checks signed by the defendant. The Government diligently worked to ensure that that evidence was available and informed the defendant by an updated discovery log on June 8, 2015 that the Government had recently obtained the original copies of such checks and that they were in our possession and, hence, would be available for inspection. Over the course of numerous phone calls with the Government over the next seven months, defense counsel raised the possibility of having a handwriting expert examine these checks numerous times, but never made even a single effort to have the checks examined as per the Government's notice and offer.

      On January 13, 2016, in accordance with this Court's scheduling order, the defendant provided woefully deficient notice under Rule 16(b)(1)(C) of four expert witnesses he intends to call at trial. (Since that time, the defendant has agreed to provide substantially more notice to cure this defect.) Among the experts noticed was Dan Purdy, an expert in the field of forensic

1

document examination.  Mr. Purdy is expected to opine on whether certain of the defendant's signatures on checks issued by Bennett Environmental, Inc., were actually signed by the defendant.  Then for the first time, on January 14, 2016, defense counsel called the Government to ask that the original checks be sent to Vancouver so that Mr. Purdy could examine them.  In response, the Government informed the defendant that those checks constituted original evidence and that the Government would continue, as it had for the last seven months, to make the checks available for inspection in its offices in New York at Mr. Purdy's (or any other expert's) convenience.  By his January 19, 2016 letter, the defendant now asks the Court get involved and order the Government to send this evidence outside of the country for inspection, or at a minimum across the country to Seattle.

      The Government has complied with Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure concerning original checks signed by the defendant by "permit[ting] the defendant to inspect and to copy and photograph" them.  Fed. R. Crim. Pro. 16(a)(1)(E); *see also United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009) ("Rule 16 obligation" requires the Government to provide "defense counsel with access to the original exhibit during and after trial.").  The Government's obligations do not change merely because defendant has chosen an expert located thousands of miles from the evidence in this case and has asked for his tests to be performed close to trial.  The defendant provides neither a legal basis for requiring the Government to part with its own evidence in this dramatic way nor any reason why it would be necessary to send the evidence so far away to have it inspected.  The fact that it may be more convenient for Mr. Purdy to inspect these checks in the comfort of his native Vancouver or in nearby Seattle is of no moment under Rule 16.  This is especially true when any such potential convenience is outweighed by (a) the evidentiary needs of the Government to maintain custody of original evidence, and (b) the proximity to trial at which this request has been tendered.  The Government is obligated to take reasonable precautions to ensure that its evidence is not lost or tampered with prior to trial.  For instance, the Government would have no way of ensuring that these concerns are looked after without incurring the expense of sending a Federal agent alongside the check to Vancouver or Seattle.  Accordingly, the defendant's requested relief is not required under Rule 16 and would unjustifiably interfere with the Government's control of its evidence.

      For the foregoing reasons, the defendant's request should be denied.

      Respectfully,

      /s/ Daniel Tracer
      Daniel Tracer
      Helen Christodoulou
      Mikhail Vanyo
      Trial Attorneys
      Antitrust Division

cc:    Robert Anello, Esq.
       Richard Albert, Esq.